CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar No. 14853

MARCELO ILLARMO, MABN 670079
Special Assistant United States Attorney
160 Spear Street, Suite 800
San Francisco, California 94105
Telephone: (415) 977-8944
Facsimile: (415) 744-0134
E-Mail: marcelo.illarmo@ssa.gov

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SHERMAINE CARROLL,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No.: 2:20-cv-01953-DJA<br><br>UNOPPOSED MOTION FOR EXTENSION OF TIME (SECONF REQUEST) |

Defendant, Andrew Saul, Commissioner of Social Security (the "Commissioner"), by and through his undersigned attorneys, hereby moves for a 60-day extension of time to file Defendant's Electronic Certified Administrative Record and Answer to Plaintiff's Complaint. Defendant's Electronic Certified Administrative Record and Answer to Plaintiff's Complaint are due to be filed by March 22, 2021.

Defendant makes this request in good faith and for good cause, because the CAR, which must be filed with the Answer and is necessary to adjudicate the case, is not yet available. The public health emergency pandemic caused by COVID-19 has significantly impacted operations in the Social Security Administration's Office of Appellate Operations (OAO) in Falls Church,

Virginia, which is responsible for producing the CAR that must be filed with the Answer, per 42 U.S.C. §§ 405(g) and (h). As detailed in the attached declarations from Jebby Rasputnis, Executive Director of the OAO, beginning mid-March 2020, OAO restricted physical access to the Falls Church building, which impacted the production of CARs because physical access was previously required to produce CARs. OAO has since developed and employed a new business process to produce CARs. Much of the difficulty in producing CARs stemmed from the old process of transmitting hearing recording to vendors for transcription, how the vendors transcribed the recordings, and how the vendors provided the completed transcripts to OAO. OAO changed this process by reworking how the audio files are submitted, seeking additional vendor capacity, and increasing in-house transcription capacity. With these changes, OAO is now able to produce more than 700 transcripts a week, a significant increase over the pre-COVID-19 average of 300-400 hearing transcripts a week.

  Despite these improvements, OAO still faces a significant backlog of cases due to the combined effects of pandemic-related disruption and a marked increase in district court filings (up almost 800 cases per month, a 54% increase). Overall, the timeframe for delivering a CAR in an individual case has improved, and the current average processing time is 138 days. Because of this, OAO is making progress in its backlog of cases. At the end of January 2021 OAO had 11,111 pending cases. At the end of February 2021 OAO had 10,679 pending cases, representing a decrease in our backlog of more than 400 cases. OAO continues to work on increasing productivity by collaborating with our vendors and searching out and utilizing technological enhancements. Defendant asks this Court for its continued patience as OAO works to increase its efficiency and production of CARs, reduce the current backlog, and address rising court case filings. Counsel for Defendant further states that the Office of General Counsel (OGC) is monitoring receipt of transcripts on a daily basis and is committed to filing Answers promptly upon receipt and review of the administrative records.

  Given the volume of pending cases, Defendant requests an extension in which to respond to the Complaint until May 21, 2021. If Defendant is unable to produce the certified administrative

record necessary to file an Answer in accordance with this Order, Defendant shall request an additional extension prior to the due date.

The undersigned affirms that opposing counsel does not object to the requested extension.

WHEREFORE, the Defendant asks the Court to enlarge the time for filing the Electronic Certified Administrative Record and Answer to Plaintiff's Complaint until May 21, 2021.

Dated: March 17, 2022

                                              Respectfully submitted

                                              CHRISTOPHER CHIOU
                                              Acting United States Attorney

                                              */s/ Marcelo Illarmo*
                                              MARCELO ILLARMO
                                              Special Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: March 18, 2021

**CERTIFICATE OF SERVICE**

I, Marcelo Illarmo, certify that the following individual(s) were served with a copy of the foregoing document on the date, and via the method of service, identified below:

**CM/ECF:**

Gerald Morris Welt   gmwesq@weltlaw.com

Cyrus Safa   cyrus.safa@rohlfinglaw.com,

Attorneys for Plaintiff

Dated March 17, 2021

           */s/ Marcelo Illarmo*
           **MARCELO ILLARMO**
           Special Assistant United States Attorney

DECLARATION OF JEBBY RASPUTNIS
OFFICE OF APPELLATE OPERATIONS
SOCIAL SECURITY ADMINISTRATION

I, JEBBY RASPUTNIS, Executive Director of the Social Security Administration's Office of Appellate Operations (OAO), declare and state as follows:

1) My office is responsible for, among other things, preparing certified copies of administrative records (CARs) for Federal court review when claimants appeal the final decisions of the Commissioner of Social Security.

2) Beginning in mid-March of 2020, the Social Security Administration (agency) restricted physical access to our buildings because of the COVID-19 pandemic. Since that time, OAO has been working to overhaul, redo, refine, and streamline our business processes to continue operations and meet our mission to serve the public. Despite many challenges in transitioning to a completely new business process, we have reached and surpassed pre-pandemic levels of electronic CAR production. Much of the delay and uncertainty in the CAR production process has stemmed from how we transmit hearing recordings to our vendors, and how our vendors return completed transcripts to us. We have worked hard to refine this process as well as implementing new processes, updating vendor agreements, and making staffing changes. These included:

- reworking how we transmit the audio files to our vendors from a fully in-person exchange of CDs and completed transcripts to a now fully direct access and electronic exchange of completed transcripts;

- seeking additional vendor capacity; and

- leveraging in-house transcription capacity by establishing a transcription cadre with updated technology and working with agency closed captioners.

Page **1** of **5**

3) We are now, between our vendors and our in-house efforts, able to produce more than 700 transcripts[1] on an average work week. Prior to the COVID-19 pandemic, we averaged 300-400 hearing transcriptions per week.

4) As we worked to transition this workload, and our external vendors, to a fully virtual process, the number of new cases filed in federal court also increased.[2] This was a direct result of the agency's initiative to reduce the number of requests for administrative review pending before the Appeals Council, the final step of the administrative process. While we had planned for this increase, the combined effects of the pandemic-related disruptions and the increase in new court filings lead to a significant backlog in CAR preparation. However, as a result of our process improvements and increased production capacity from our contracted transcription vendors, we now have begun reducing our pending backlog. At the end of January 2021 we had 11,111 pending cases. At the end of February 2021 we had 10,679 pending cases, representing a decrease in our backlog of more than 400 cases.

---

[1] Individual cases often have more than one hearing to transcribe.
[2] In the last quarter of fiscal year 2020 and the first quarter of fiscal year 2021, we averaged more than 2,257 new case receipts per month, compared to an average of 1,458 new case receipts in the last quarter of fiscal year 2019 and the first quarter of fiscal year 2020. *See also Chief Justice Roberts' 2020 Year-End Report on the Federal Judiciary, Appendix Workload of the Courts,* available at https://www.supremecourt.gov/publicinfo/year-end/2020year-endreport.pdf ("Cases with the United States as defendant grew 16% [in FY20], primarily reflecting increases in social security cases and prisoner petitions.")

Page **2** of **5**

The following chart shows OAO's receipts, dispositions[3] and pending CAR workload for the first five months of FY2021.

| Time Period | New Court Case Receipts | Dispositions | Pending |
|---|---|---|---|
| OCT 2020 | 3,074 | 2,115 | 9,693 |
| NOV 2020 | 1,999 | 1,483 | 10,209 |
| DEC 2020 | 1,703 | 1,672 | 10,240 |
| JAN 2021 | 2,638 | 1,767 | 11,111 |
| FEB 2021 | 1,880 | 2,312 | 10,679 |

5) OAO continues to address the significant workflow fluctuations the agency has experienced since approximately March 2020. The following line graph tracks three different workflow measures since the beginning of FY2019 and how they intersect:

   a. **Green**: requests for review decided by the Appeals Council;

   b. **Blue**: new federal court cases filed by plaintiffs; and

   c. **Gold**: CARs docketed by the Office of the General Counsel.[4]

---

[3] While dispositions primarily include CARs for filing with the court, it also includes requests for remand to the ALJ for further actions, and other actions. https://www.ssa.gov/appeals/DataSets/08_National_New_Court_Cases_and_Remands.html

[4] For Appeals Council dispositions (green line) and new federal court case filings (blue line), the graph is based on publicly-available data through December 2020. *See* https://www.ssa.gov/appeals/publicusefiles.html. The data for more recent months, as well as all of the data for CAR docketing (gold line), are drawn from the agency's internal case tracking systems.

Page **3** of **5**

The graph shows the deviation from the average for each of these three workflow measures.[5] Notably, this visual representation illustrates the rapid changes that began in March 2020 and continue to date.



6) Overall, the timeframe for delivering an electronic CAR in any individual case has improved. The current average processing time is 138 days. Although we remain subject to some constraints, we continue to work on increasing productivity by collaborating with our vendors and searching out and utilizing technological enhancements. We ask for continued patience as we work to increase our efficiency and production of CARs, reduce the current backlog, and address rising court case filings.

---

[5] The averages are calculated since October 2018. By way of example, in March 2020, OGC docketed about 80% fewer CARs than average, while the Appeals Council acted on about 60% more requests for review than average.

Page **4** of **5**

In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  March 17, 2021           /s/   *Jebby Rasputnis*
       Silver Spring, MD              Jebby Rasputnis